# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MODESTA CELIS ORDUNA, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CHAMPION DRYWALL, INC., OF NEVADA, et al.,<br><br>        Defendants. | 2:12-cv-1144-LDG-VCF |

This matter comes before the court on plaintiffs' motion for the tolling of the statute of limitations under the Fair Labor Standards Act (FLSA) (#7, opposition #16, reply #19); plaintiffs' motion for circulation of court-approved notice (#8, response #17, reply #21); and defendants' motion for judgment on the pleadings (#9, response #24, reply #27).

Regarding plaintiffs' motion for tolling of the statute of limitations, each of the plaintiffs in this case filed their "consent to sue" forms to participate in a different Fair Labor Standards Act case, Buenaventura v. Champion Drywall, Inc., 2:10-cv-0377-LDG-RJJ ("Champion I"), between May and August 2011. On July 22, 2011, the Champion I plaintiffs moved for collective-action certification, and on March 27, 2012, this court denied the motion, finding that the Champion I named plaintiffs were not similarly situated to "the broad class suggested by the plaintiffs." On June 29, 2012, plaintiffs filed this action asserting violations of the overtime provision of the FLSA, violations of Nevada's state wage and hour statues, injunctive relief alleging state-law

violations, and that two of the named plaintiffs have suffered retaliation in violation of FLSA. Plaintiffs bring their FLSA claims as a collective action and their state law claims as a class action.

Plaintiffs assert that because they filed their consents to sue in a timely manner in Champion I, the statute of limitations for those claims should be equitably tolled to the date on which each plaintiff filed his or her consent. Defendants argue that plaintiffs' motion should be denied or, in the alternative, tolling should only apply from the date that each plaintiff filed his or her consent until the date of the court's denial of certification in Champion I on March 27, 2012. The court agrees with defendants' latter position.

Under the FLSA, the statute of limitations for a party is tolled when a party files a written consent to opt into the action. 29 U.S.C. § 256(b). The statute of limitations for a collective action under the FLSA operates differently from that for class actions certified under Fed. R. Civ. P. 23:

> Unlike Rule 23 class actions in which the statute of limitations will be tolled for all class members until the class-certification decision has been made, or until an individual class member opts out, the statute of limitations for a plaintiff in a collective action will be tolled only after the plaintiff has filed a consent to opt in to the collective action. Like class suits, however, the statute of limitations for opt-in plaintiffs will begin to run again if the court later decertifies the collective action.

7B Charles Alan Wright and Arthur Miller, Federal Practice and Procedure §1807 (3d ed. 2012). "In other words, the statute of limitations is tolled for a shorter period for plaintiffs who opt into a collective action than it would be if their claims were brought as part of a federal class action. Upon decertification of the collective [action], therefore, it is critical to preserve opt-in plaintiffs' ability to timely file individual actions." Sliger v. Prospect Mortgage, LLC, 2012 WL 6005711 (E.D. Cal. Nov. 30, 2012).

The Ninth Circuit has recognized the doctrine of equitable tolling of an FLSA claim. Partlow v. Lewis Orphans' Home, Inc., 645 F.2d 757, 760 (9th Cir. 1981), abrogated on other grounds, Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165 (1989). Such tolling "applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant,

2

or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." Id. at 60.  The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statue of limitations would be inequitable.  See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).  Equitable tolling applies only in "rare and exceptional circumstances," Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002), and should be applied sparingly.  Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

      Here, plaintiffs have not shown that the statute of limitations should be equitably tolled past the court's denial of certification in Champion I.  Plaintiffs claim that they did not know that the court would not grant the collective certification in that case, and that to preserve their rights, each plaintiff in a collective action would have to file individual actions at the same time they filed their consents to sue.  The failure to predict the outcome of a motion for collective certification is experienced by each FLSA collective action litigant, and the possibility that diligence would be required in the filing of an individual claim if a collective action was denied or de-certified neither amounts to extraordinary circumstances nor a situation out of a plaintiff's control.  Plaintiffs also assert that because the court ruled directly on the certification motion, rather than certifying the collective action and then decertifying it later on, they were prejudiced because they did not have an opportunity to perform discovery during the post-certification period.  Any need for limited discovery, however, would be present in most FLSA actions, and does not qualify as rare or exceptional.  See Muhammad v. GBJ, Inc., 2011 WL 863785 at *2 (S.D. Tex. March 9, 2011). Furthermore, in Champion I, extensive discovery and production of documents took place.

      Finally, plaintiffs assert that this situation is analogous to McLaughlin v. Boston Harbor Cruises, LLC, 2009 WL 890101 (D. Mass. March 31, 2009), where the court held that equitable tolling applied to individuals who filed their consents in a previous case which was dismissed before the collective action was certified.  Plaintiffs are correct that the McLaughlin court applied equitable tolling, but contrary to plaintiffs' assertions, that tolling was only applied from the time

of the filing of the consents to the dismissal of the previous action. Id. at *1. Likewise, the court finds that any plaintiff's claims in this case should be tolled only from the time of that plaintiff's consent to sue in Champion I until this court's denial of collective certification in that case.

The court, however, is uncertain as to how its ruling regarding the tolling of the statute of limitations may affect other aspects of this litigation, particularly the recently filed motions for summary judgment. Accordingly, the court will grant the parties leave to supplement their motions for summary judgment in light of the ruling regarding the tolling of the statute of limitations.

The court also observes that defendants' motion for judgment on the pleadings is based to a large extent on arguments regarding the issue and claim preclusion effects of Champion I. While the court has previously granted partial summary judgment in Champion I, several motions for summary judgment remain pending. In the interests of managing the docket in order to consider a complete application of the res judicata effects of Champion I, the court will deny defendants' motion for judgment on the pleadings without prejudice to its refiling by the defendants, or motion for reinstatement to the court, after the dispositive motions in Champion I are resolved. As a matter of efficiency, the court invites defendants to consider consolidating the arguments of their motion for judgment on the pleadings with any supplementation of their pending motion for summary judgement.

Regarding plaintiffs' motion for court-managed circulation of court-approved notice, the court is hesitant to rule on the request given that the court denied the motion for certification and the opt-in notice in Champion I because the record showed that the plaintiffs were not similarly situated, and pending dispositive motions invoke the preclusive effect of those and other rulings made in that case. Accordingly, plaintiffs' motion for court-managed circulation of court-approved notice will be denied without prejudice to its refiling after the pending motions for summary judgment in this case are resolved.

1  THE COURT HEREBY ORDERS that plaintiffs' motion for the tolling of the statute of
2  limitations under the Fair Labor Standards Act (#7) is GRANTED in part to the extent explained
3  herein.
4  THE COURT FURTHER ORDERS that the parties shall have sixty (60) days after the
5  court's ruling on the pending motions for summary judgment in <u>Champion I</u> in which to file
6  supplemental briefs, if they choose, addressing what effect the tolling determinations made by the
7  court has on the issues in this case.
8  THE COURT FURTHER ORDERS that defendants' motion for judgment on the
9  pleadings (#9) is DENIED without prejudice to its refiling, or motion for reinstatement to the
10 court, after the pending summary judgment motions are resolved in <u>Champion I</u>.
11 THE COURT FURTHER ORDERS that plaintiffs' motion for circulation of court-
12 approved notice (#8) is DENIED without prejudice to its refiling, or motion for reinstatement to
13 the court, after the pending motions for summary judgment in this case are resolved.

15  DATED this ___ day of March, 2013.

_____
Lloyd D. George
United States District Judge

5